UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| *ex rel.* SHANAY COLEMAN, and ) | |
| ) | No.: 3:05 CV 1207 - SRU |
| SHANAY COLEMAN, ) | |
| ) | MOTION FOR RECONSIDERATION |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| GIGLIA M. HERNANDEZ, ) | JUNE 8, 2007 |
| ) | |
| Defendant ) | |

## MOTION FOR RECONSIDERATION

### I. Introduction

The plaintiff, Shanay Coleman, respectfully requests the Court reconsider Part III paragraph B., Housing Discrimination claim, of its May 24, 2007 Ruling and Order in the above action.

The housing discrimination allegations are set forth in the Second Cause of Action of the Complaint. The housing discrimination complaint addresses a state cause of action. In her Second Cause of Action, Ms. Coleman alleges the defendant, Giglia M. Hernandez, violated Connecticut's fair housing law by engaging in an illegal discriminatory housing practice in violation Conn. Gen. Stat. §46a-64c, by refusing to sign the Request for Tenancy Approval form, addressed to the Housing Authority of the City of Danbury ("HACD").

### II. Legal Argument

#### A. Effect of Defendant's Default

The Court, in its Ruling and Order, sets forth the standard in defining the legal effect of a default judgment. Ms. Coleman's Complaint met that standard by clearly alleging that the

defendant refused to accept Ms. Coleman's Section 8 voucher solely because her assistance was being administered an agency, HACD, which was different from the one she knew and was used to dealing with, the Housing Authority of the City of Stamford. Additionally, Ms Hernandez, by her default, admitted every 'well pleaded allegation' of the complaint. Given the combination of Ms. Coleman's clear allegations in the Complaint and the defendant's default, the court should have found that Ms. Hernandez violated Conn. Gen. Stat §46a-64c.

> [B]y its default [defendant] admitted every "well pleaded allegation" of the complaint, a term ... interpreted to permit finding an allegation not to be "well pleaded" only "in very narrow, exceptional circumstances:"
> "For example, an allegation made indefinite or erroneous by other allegations in the same complaint is not a well-pleaded allegation. Other examples * * * are allegations which are contrary to facts of which the court will take judicial notice, or which are not susceptible of proof by legitimate evidence, or which are contrary to uncontroverted material in the file of the case." 308 F.Supp. at 683.

Trans World Airlines, Inc. v. Hughes, 449 F 2d 51, 63 (1971).

In the instant case, Ms. Coleman's allegations were not indefinite or erroneous in comparison to other allegations in the Complaint. Consequently, the court should reconsider its findings in paragraph B of the court's Ruling.

### B. Facts Alleged in the Complaint

Ms. Coleman alleges in the complaint:

1. Prior to leasing an apartment from Ms. Hernandez she was a recipient of housing assistance under the Section 8 Program from the Housing Authority of the City of Stamford ("HACS"). Complaint ¶20

2. Ms. Coleman and Ms. Hernandez submitted a Request for Tenancy Approval to HACS for its approval in order for HACS to pay Ms. Hernandez the Section 8 portion of the rent during the lease period from September 1, 2003 through August 31, 2004. Complaint ¶¶21 - 23.

3. On or about October 1, 2004, administration of Ms. Coleman's Section 8 assistance was transferred from the HACS to the Housing Authority of the City of Danbury). Complaint ¶26.

4. On or about September 1, 2004, Ms. Coleman gave Ms Hernandez a Request for Tenancy Approval for her execution and submission to the HACD in order to enable the HACD to enter into a Housing Assistance Payments Contract (HAP) with Ms Hernandez and pay to her the Section 8 portion of the rent. Complaint ¶49.

5. Ms. Hernandez refused to enter into any HAP agreement with HACD on the stated grounds that she did not know anybody at HACD, that she would only deal with the staff of HACS, and that it would be too much for her daughter who was acting as her agent to receive rental payments Complaint ¶50.

6. The HACD Section 8 program is operated in the same way as that of the HACS, such that all Ms. Hernandez's lawful conditions of the tenancy would have been met as under the previous agreements. Complaint ¶51

C. State Law

The Court has correctly recited Connecticut's fair housing law, Conn Gen. Stat. §46a-64c. The Court has also correctly referenced the Connecticut Supreme Court's ruling in Commission on Human Rights and Opportunities v. Sullivan Associates, 250 Conn 763, 775 (1999).

> Section 46a-64c (a)(1) forbids landlords from refusing "to sell or rent after the making of a bona fide offer, or to refuse to negotiate

> for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, creed, color, national origin, ancestry, sex, marital status, age, *lawful source of income* or familial status." (Emphasis added.) Section 46a-64c (a)(2) forbids discrimination "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, creed, color, national origin, ancestry, sex, marital status, age, *lawful source of income* or familial status." (Emphasis added.) General Statutes § 46a-63 (3) provides, in addition, that "'lawful source of income' means income derived from social security, supplemental security income, *housing assistance,* child support, alimony or public or general assistance." (Emphasis added.)

In the very first sentence of its opinion, the Connecticut Supreme Court specifically held that Conn. Gen. Stat. §46a-64c prohibits a landlord from renting an apartment to a tenant because of the tenant's use of a Section 8 voucher. "Under General Statutes § 46a-64c, a landlord may not refuse to rent to a prospective low income tenant because that tenant will pay the stipulated rent from a lawful source of income, such as rental assistance under section 8. ..." Commission on Human Rights and Opportunities v. Sullivan Associates, *supra,* 764-765. The court further held that "unlike the federal rules regulating the Section 8 program, state law makes mandatory landlord participation in the program as administered by state agencies." Commission on Human Rights and Opportunities v. Sullivan Associates, *supra,* 765.

One of the issues raised in Commission on Human Rights and Opportunities v. Sullivan Associates, *supra,* is whether a landlord could be excused from participating in the Section 8 program if the landlord did not wish to accept the terms of HUD's standardized Section 8 lease. The Connecticut Supreme Court analyzed the language and the legislative history of Conn. Gen Stat. §46a-64c and held "the legislature, in requiring landlords to make rental housing available to potential tenants relying on section 8 housing assistance, intended thereby to require landlords

to use section 8 leases." <u>Commission on Human Rights and Opportunities v. Sullivan Associates</u>, *supra*, 784-785.

There is no logical distinction between prohibiting a landlord from being excused from participating in the Section 8 program because of an objection to HUD's lease form and the facts of the case at bar, that Ms. Hernandez could be excused from participating in the Section 8 program because she objected to the particular agency, HACD administering the program, even though it would have been administered in a manner that complied with the same requirements as the Section 8 program in which she had been participating. The effect of this denial was to deprive Ms Coleman of the opportunity to remain in her home, utilizing her Section 8 assistance. The effect of this Court's denying Ms. Coleman's housing discrimination claim is to permit property owners to accept or reject Section 8 tenants solely on the basis of which Public Housing Authority ("PHA") issued the Section 8 voucher, either as a genuinely held rationale or as a pretext for discrimination that would otherwise be illegal. By way of example, a landlord in Bridgeport might accept a Section 8 voucher from HACD but not one issued by Bridgeport's Housing Authority, thereby effectively rejecting the vast majority of identically-situated Section 8 participants and would not be in violation of Conn. Gen. Stat §46a-64c. Further, this Court's denial of Ms. Coleman's housing discrimination claim would frustrate Congress' and HUD's policy of permitting Section 8 voucher holders from moving from one public housing authority's jurisdiction to another's jurisdiction. 42 U.S.C. §1437f(r); "[A] voucher-holder or participant family has the right to receive tenant-based voucher assistance in accordance with requirements of this part to lease a unit outside the initial PHA jurisdiction, anywhere in the United States." 24 C.F.R. §982.353(b).

### III. Conclusion

The uncontroverted facts are that on or about September 1, 2004, Ms. Hernandez refused to accept Ms. Coleman's Section 8 voucher solely because her voucher was being administered an agency, HACD, that was different from the agency she knew and was used to dealing with, HACS. Ms. Hernandez's refusal to accept Section 8 from HACD was an illegal and discriminatory housing practice in violation of Conn. Gen. Stat. §46a-64c.

Consequently, Ms. Coleman respectfully requests that the Court reconsider its May 24, 2007 Ruling and Order, find that the defendant Hernandez committed an illegal, discriminatory housing practice in violation of Conn. Gen. Stat §46a-64c, and award Ms. Coleman $100 for the moving expenses incurred by reason of the defendant Hernandez's illegal, discriminatory housing practice and such other relief as the Court deems appropriate.

CONNECTICUT LEGAL SERVICES INC

By /s/ Richard L. Tenenbaum
Richard L. Tenenbaum, Federal Bar No. 16681
Attorney for Plaintiff Shanay Coleman
211 State Street
Bridgeport, Connecticut 06604
Telephone: (203)336-3851
Facsimile: (203)333-4976
Email: rtenanbaum@connlegalservices.org

Frederic S. Brody, Federal Bar No. 15510
Attorney for Plaintiff Shanay Coleman
20 Summer Street
Stamford, Connecticut 06901
Telephone: (203)348-9216
Facsimile: (203)348-2589
Email: rbrody@connlegalservices.org

## CERTIFICATE OF SERIVCE

I certify that a true and correct copy of the foregoing was sent by first-class U.S. Mail in a properly addressed envelope with first class postage duly paid before 5:00 p.m. on June 8, 2007 to:

William A. Collier
Assistant U.S. Attorney
450 Main Street, Room 328
Hartford, CT 06103
*Counsel for the United States*

Giglia M. Hernandez
61 Calle Tapia, Apt. 18
San Juan, Puerto Rico 00911

Richard L. Tenenbaum