UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHANAY COLEMAN,
    Plaintiff,

v.

GIGLIA M. HERNANDEZ,
    Defendant.

CIVIL ACTION NO.
3:05cv1207 (SRU)

## **RULING and ORDER**

This case principally involves claims made pursuant to the False Claims Act, 31 U.S.C. § 3729 *et seq.*, but also raises several related state law claims.

On May 24, 2007, I issued a written ruling resolving all of the pending issues raised by Coleman's Motion for Default Judgment. I granted Coleman's Motion for Default Judgment (doc. # 19). I awarded Coleman $24,939 ($10,224 for the *qui tam* False Claims Act claim and $360 return of improper "additional payments," $580 for the return of the improperly withheld security deposit, and $13,775 in attorneys' fees). I also awarded the United States the balance of the damages on the False Claims Act claim, that is, $23,856. I ordered that both parties' awards should bear interest from the date of the entry of judgment.

On June 8, 2007, Coleman filed a motion for reconsideration of that ruling. She argues that I should have awarded her damages for her housing discrimination claim made pursuant to Conn. Gen. Stat. § 46a-64c, because, according to Coleman, she properly alleged facts to support that claim in her complaint. For the reasons that follow, the motion for reconsideration is denied.

In general, there are three grounds that may justify reconsideration: (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956

F.2d 1245, 1255 (2d Cir. 1992).  The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995).  A "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Lopez v. Smiley*, 375 F. Supp. 2d 19, 21-22 (D. Conn. 2005).  It is also not appropriate to use a motion to reconsider solely to re-litigate an issue already decided.  *Id.*  A motion to reconsider should be denied, "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

   Coleman concedes that I addressed the proper legal standard in my original ruling, that is, Connecticut's fair housing law, Conn. Gen. Stat. § 46a-64c.  *See* Memorandum in Support of Motion for Reconsideration (doc. #32) at 3.  Coleman also concedes that I applied the proper standard in defining the legal effect of a default judgment with respect to the well-pleaded factual allegations in the complaint.  *Id.* at 1-2.  Coleman argues, in effect, that I either overlooked well-pleaded factual allegations in her complaint, or that, in considering those allegations, I should have reached a different result.  *See id.* at 3-4.

   I disagree.  I considered all of the allegations in Coleman's complaint, and I determined that, with respect to the housing discrimination claim, the factual allegations were too conclusory to support that claim.  *See* Complaint (doc. #1) ¶¶ 48-52.  No inference arises that Hernandez refused to rent to Coleman because she participated in the Section 8 voucher program; Hernandez actually rented to Coleman pursuant to that program for one year.  Compl. ¶¶ 21-23, 30.  Indeed, even Coleman describes her claim as attacking Hernandez's refusal to accept a Section 8 voucher "solely because her voucher was being administered [by] an agency, HACD,

that was different than the agency she knew and was used to dealing with, HACS." Motion for Reconsideration at 6.  That allegation does not suggest discrimination on the basis of "lawful source of income." *See Commissioner on Human Rights and Opportunities v. Sullivan Assocs.*, 250 Conn. 763, 775 (1999).

A motion for reconsideration may not be used as a vehicle to re-litigate an issue that has already been decided.  Coleman does not satisfy the stringent standard for granting reconsideration.  Therefore, Coleman's Motion for Reconsideration (**doc. # 32**) is **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 21st day of June 2007.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge